## ROWARK VS. LEE.

In replevin, where the property is not taken upon the writ and delivered to the plaintiff, and he recovers on the trial, the judgment, in addition to that for damages and costs, should be according to the statute in the alternative, that the goods and chattels be replevied and delivered to him, or that he recover their assessed value.

Cause remanded with instructions to enter such judgment in accordance with the finding.

*Appeal from the Circuit Court of Franklin county.*

The Hon. A. B. GREENWOOD, Circuit Judge, presiding.

53

WALKER & GREEN, for the appellant, contended that the judgment of the Circuit Court was erroneous (*sec.* 39, *ch.* 136, *Dig.*) and that the evidence was insufficient to sustain the verdict.

Mr. Justice WALKER delivered the opinion of the Court.

James F. Lee brought his suit in replevin against John Rowark, for a mule. The general issue was pleaded, and by consent of parties, the case was submitted to the court sitting as a jury. After having heard the evidence the court found for the plaintiff, and as the property had not been replevied and delivered to the plaintiff, the court also heard evidence, as well touching the damages for the detention of the property as the value thereof, and rendered a judgment in his favor for the same. Whereupon, the defendant moved the court to grant him a new trial, because the finding of the court was contrary to law and evidence; which motion the court overruled. The defendant excepted and made the evidence matter of record by his bill of exceptions.

The questions presented and argued by counsel are, first, as to the sufficiency of the evidence to sustain the finding of the court; and second, that it was error in the court to render an absolute judgment for the value of the property.

As regards the first question, there can be no doubt but that the evidence is sufficient to uphold the finding of the court. There is no lack of evidence upon any point necessary to a recovery; and although the evidence of several of the witnesses is somewhat contradictory, as well with regard to the purchase of the mule by the plaintiff, as the identity of the mule in the defendant's possession, as the same purchased by the plaintiff, it was the peculiar province of the court sitting as a jury to weigh the evidence and determine the facts, and having done so, we do not feel at liberty to disturb the verdict.

After finding the issue for the plaintiff, the court, under the circumstances of the case, properly ascertained the value of the mule, but failed to render a judgment thereon, in accordance

with the statute.  *Section* 39, *ch.* 136 *Dig.*, provides "that in case
the plaintiff shall recover judgment upon the whole record, he
shall be entitled, in addition to judgment for damages and costs,
to a further judgment, that the property be replevied and deliver-
ed to him without delay; or in default thereof, that the plaintiff re-
cover from the defendant the value of the property ascertained by
the court or jury.   Under the provisions of the statute, the court
should have rendered judgment that the property be replevied and
delivered; as well as for the value thereof.  Under the provisions of
the statute judgment, when properly rendered, the defendant may
surrender the  property and discharge himself from the payment
of the damages: but by the judgment, as rendered in this case, he
is deprived of the privilege of doing so.

For this error the judgment of the Circuit Court must be re-
versed, and the cause remanded with instructions to the court be-
low to render judgment on the verdict and finding of the court in
accordance with this opinion.